UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-1-02-023-3 |
| | : | |
| v. | : | **SENTENCING MEMORANDUM** |
| | : | **BY THE UNITED STATES** |
| | : | |
| ROBERT SCHNEIDER | : | Chief Judge Beckwith |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is before the Court upon remand from the court of appeals for resentencing in light of Booker v. United States, 125 S. Ct. 738 (2005). Defendant Robert Schneider has submitted a sentencing memorandum in which he argues that the Court should not include offense levels for his supervisory role in the crime of conviction when computing his sentencing range under the United States Sentencing Guidelines. Because his arguments have already been correctly rejected by this Court and the Sixth Circuit and because Schneider adverts to no other relevant facts, the United States submits that Schneider's sentencing memorandum provides no reason for the Court to deviate from the guideline sentence.

**I.   SENTENCING PROCEDURE AFTER BOOKER.**

As Schneider notes, the Supreme Court in Booker cured the Sixth-Amendment infirmity of the United States Sentencing Guidelines by rendering them advisory. 125 S. Ct. at 764. The proper sentencing procedure for district courts, therefore, is to (1) determine the defendant's guideline sentencing range in precisely the same manner as was done before Booker, (2) determine whether any departure is warranted under the guidelines, again in the same manner as before Booker, (3) consider the other factors identified by 18 U.S.C. § 3553(a) to decide whether

any of these reasonably warrant a deviation from the guideline range, and then (4) impose a sentence accordingly.

See id. ("The remainder of the Act functions independently. Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. The Act nonetheless requires judges to consider the Guidelines 'sentencing range established for ... the applicable category of offense committed by the applicable category of defendant,' the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.") (internal quotation marks, citations, and brackets omitted); United States v. Forrest, 402 F.3d 678, 684 (6th Cir. 2005) ("Sentencing courts must still take the guidelines into account and must construe the guidelines properly in doing so.").

## II.   THIS COURT AND THE SIXTH CIRCUIT HAVE ALREADY REJECTED SCHNEIDER'S ARGUMENTS REGARDING GUIDELINE APPLICATION.

Schneider now seeks to re-argue the very same guideline-application issues that both this Court and the Sixth Circuit have already adjudicated. He contends that a § 3B1.1 enhancement should not be applied to him because the person he employed to aid in the commission of the offense, Douglas Hartman, was also his friend. This Court rejected the same argument at Schneider's first sentencing, and the Sixth Circuit held that "it is evident that the factors outlined in Application Note 4 are satisfied. The district court's factual findings were not clearly erroneous, and its application of the guidelines to its factual findings was correct. Therefore, it was not error for the district court to raise Schneider's offense level by two points based on this guideline." (Opinion at 10).

Schneider also suggests again that the government contemplated that he would not receive this enhancement. (Memorandum at 8). This suggestion is inaccurate, as the government made clear at Schneider's original sentencing:

- "[T]he Plea Agreement took no position as to what his role in the offense was. So, the Government, as far as the Plea Agreement's concerned, left that up to the Probation Department." (10/24/02 Sentencing Tr. at 6).

- "[W]e never agreed that he qualified for the safety valve." (Id. at 7).

- "As far as the role in the offense adjustment, the facts are the facts.... So, if the facts fit, they fit. I'll leave that up to the Court." (Id.)

In any event, as the foregoing quotations indicate, Schneider raised the same points at his original hearing; this Court rejected them; and he has provided no reason to reconsider the earlier, correct decision.

### III.  FACTUAL FINDINGS IN A PSR DO NOT IMPLICATE SIXTH-AMENDMENT RIGHTS UNDER ADVISORY GUIDELINES.

Schneider is simply incorrect to assert "[t]hat the PSR contained that finding, even though it was never alleged and was only found by a preponderance of the evidence by a judge during sentencing is exactly the type of occurrence contemplated in Apprendi and its progeny, ending with Booker." (Memorandum at 9). To the contrary, the Booker Court instructed district courts to determine guideline sentences in just this way. 125 S. Ct. at 764. Because the guidelines are advisory, rather than mandatory, determining guideline ranges with the aid of factual findings by a preponderance does not implicate the Sixth-Amendment concerns of Apprendi and its progeny. Id. ("That is to say, without this provision--namely the provision that makes 'the relevant sentencing rules ... mandatory and impose[s] binding requirements on all sentencing judges'--the statute falls outside the scope of Apprendi's requirement.").

3

**IV.   CONCLUSION.**

In sum, Schneider's sentencing memorandum repeats arguments about the application of the guidelines to him that this Court and the Sixth Circuit have already rejected.  Nothing in Booker provides any reason to reexamine these rulings, nor has Schneider articulated any fact that would be relevant to this Court's consideration of other factors under 18 U.S.C. § 3553(a).  Schneider therefore has not provided any reason for this Court to deviate from the guideline sentence.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
BENJAMIN C. GLASSMAN (0077466)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-2047
Robert.Brichler@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Sentencing Memorandum By The United States" was served this 8th day of June, 2005, electronically on John H. Rion, Attorney for Defendant Robert Schneider.

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
