UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,
    Plaintiff

v.                                   Case No.  1:02-cr-23

Robert Schneider,
    Defendant

**SENTENCING HEARING NOTICE AND ORDER**

This case is scheduled for a sentencing hearing on <u>October 25, 2005 at 11:00 a.m.</u> **(via video conference)**, before the Honorable Sandra S. Beckwith in Courtroom 822.

Title 18 U.S.C. § 3553(a) lists the following factors which must be considered in determining a reasonable sentence in each case:

a) Factors to be considered in imposing a sentence.-- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed--

        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

    (5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any

        amendments made to such policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28; and

        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

Under the law announced by the Supreme Court on January 12, 2005, in United States v. Booker, __U.S__ , 125 S.Ct. 738 __L.Ed.2d__ (2005), the Court is no longer required to apply the Sentencing Guidelines, but the guidelines, nevertheless, must be considered, together with all of the other factors enumerated in 18 U.S.C. § 3553(a).

The Presentence Investigation Report (PSI) contains the Probation Officer's conclusions regarding the application of the guidelines, and if the parties had any objections to the PSI Report or the Probation Officer's applications, those objections should have been filed in accordance with Local Rule 32.1(c) and will be heard in the same manner as they were heard pre-Booker. Any motions for departures based on recognized guideline departures should also be filed and will be heard at the sentencing hearing. In short, the procedures used to determine a correct sentencing guideline range will continue in the same manner as they existed pre-Booker.

If either party is of the opinion that a reasonable sentence would require a deviation from the imprisonment range, i.e., a sentence other than a sentencing resulting from an application of the sentencing guidelines, that party is **ORDERED** to file a Sentencing Memorandum, setting forth in detail the reasons why the imprisonment range under a guideline application should not be followed in this case, with particular reference to the other factors enumerated in 18 U.S.C. §

3553(a).[1]

Any Sentencing Memorandum must be filed no later than 10 days following the date of this Notice and Order. If the other party opposes the Sentencing Memorandum, the opposing party shall file a Response to the Sentencing Memorandum no later than 5 business days following the receipt of the Sentencing Memorandum. Any 5K Motion must be filed no later than 5 business days prior to the sentencing hearing date. If the Court desires any further memoranda or a continuation of the sentencing hearing, the parties will be so notified.

**SO ORDERED**.


Date: September 20, 2002                               s/Sandra S. Beckwith
                                                       Sandra S. Beckwith, Chief Judge
                                                       United States District Court

---

[1] The Court recognizes that both parties have previously filed a Sentencing Memorandum, (Docs. 106 & 107). The parties should only file an Amended Sentencing Memorandum in order to comply with this Notice and Order, if necessary.