IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 1:02-CR-23-003 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Robert Schneider, ) | |
| ) | |
| Defendant. ) | |

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

The Defendant appeared with counsel, John H. Rion, Esq., before this Court for re-sentencing on November 9, 2005 following remand of the case by the Sixth Circuit Court of Appeals.

The Defendant has entered a guilty plea to Count 1 of the Indictment. Accordingly, the Defendant is adjudged **GUILTY** of **COUNT 1: CONSPIRACY TO DISTRIBUTE IN EXCESS OF ONE THOUSAND KILOGRAMS OF MARIJUANA** in violation of Title 21, Sections 846(a)(1) and 841(a)(1) & (b)(1)(B) of the United States Code.

The Defendant is sentenced as provided in pages 1 through 5 of this Judgment pursuant to the Sentencing Reform Act of 1984 and the United States Sentencing Guidelines ("U.S.S.G.") as follows:

The Defendant is hereby sentenced to imprisonment for a period of **FIFTY-ONE (51) MONTHS**;

Upon the conclusion of the sentence of imprisonment, the Defendant shall serve a term of **FOUR (4) YEARS** supervised release. During the term of supervised release, the Defendant shall be subject to the following standard conditions of supervised release for the Southern District of Ohio:

   (1)   the Defendant shall not commit another federal, state, or local crime;

   (2)   the Defendant shall not leave this judicial district without permission of the Court or probation officer;

(3) the Defendant shall report to the probation officer as directed by the probation officer or the Court and shall submit a truthful and complete written report within the first five days of each month;

(4) the Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(5) the Defendant shall meet family responsibilities;

(6) the Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(7) the Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

(8) the Defendant shall refrain from the excessive use of alcohol, and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(9) the Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(10) the Defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(11) the Defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(12) the Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement

        officer;

- (13) the Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

- (14) the Defendant shall notify third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement;

In addition to the standard conditions of supervised release, the following special conditions shall apply:

- (1) the Defendant shall obey all federal, state, and local laws;

- (2) the Defendant shall not own a firearm or other dangerous device;

- (3) the Defendant shall not possess a controlled substance, and must submit to one drug test within 15 days of release of custody from the Bureau of Prisons and at least two periodic drug tests thereafter;

- (4) the Defendant shall undergo substance abuse assessment and comply with any treatment, including urinalysis, recommended by the probation officer;

The Defendant shall pay a fine of $10,000. The Court's records indicate that Defendant paid the fine by the time of the resentencing hearing.

The Defendant shall pay a $100 special assessment. The Court's records indicate the Defendant paid the special assessment by the time of the resentencing hearing.

The Statement of Reasons for this sentence shall be filed separately by the Court.

Pursuant to the plea agreement and under 21 U.S.C. § 853(a), the Defendant has forfeited all of his right, title and interest in

the following property:

1. Ten thousand dollars in United States currency ($10,000.00) seized on March 13, 2002 at the time of the Defendant's arrest;

2. Six hundred sixty-one thousand four hundred eighty-nine dollars in United States currency ($661,489.00) seized from the Defendant's residence on March 13, 2002;

3. Two hundred ninety-five thousand five hundred fifty dollars in United States currency ($295,550.00) seized from the residence of Douglas Hartman on March 13, 2002;

4. Fourteen thousand two hundred five dollars and twenty-six cents in United States currency ($14,205.26) seized from National City Bank account #2831468 in the name of Robert E. Schneider;

5. Three thousand sixty-seven dollars and twenty-seven cents in United States currency ($3,067.27) seized from Standard Register Federal Credit Union account #0002066030 in the name of Urban Schneider and Robert Schneider;

6. Fifteen thousand five hundred three dollars and twenty-four cents in United States currency ($15,503.24) seized from Bank One account #1588601128 in the name of Robert E. Schneider;

7. Nine thousand six hundred ninety-five dollars and fifty-three cents in United States currency ($9,695.53) seized from Provident Bank account #2578-550 in the name of Robert E. Schneider;

8. Six thousand ninety-one dollars and ninety cents in United States currency ($6,091.90) seized from Liberty Savings Bank account #20-54014702 in the name of Robert E. Schneider; and

9. Fifty-one thousand four hundred thirty-six dollars and eighty cents ($51,436.80), the proceeds of Provident Bank check #194346317, in lieu of real property known and numbered as 2519 Walford Drive, Centerville, Montgomery County, Ohio 45440.

The Court's records indicate that the above property had been forfeited to the government at the time of the resentencing

hearing.

The Court recommended to the Bureau of Prisons that the Defendant participate in the 500 hour Intensive Drug Treatment Program. The Court's records indicate that the Defendant completed this program by the time of the resentencing hearing.

The Defendant is hereby notified that he has a right to appeal this sentence, and if he is unable to pay the cost of an appeal, he has the right to apply to this Court for leave to proceed <u>in forma pauperis</u>. If he is indigent and cannot retain a lawyer, he may apply, and one will be appointed to represent him in his appeal.

The Defendant is further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, he must file his notice of appeal with the Clerk of the United States District Court within 10 days of the filing of this judgment, which will be filed on November 9, 2005. Therefore, the Defendant must file his notice of appeal on or before November 21, 2005. The Defendant is also advised that if he so requests, the Clerk of this Court will prepare and file forthwith a notice of appeal on his behalf.

                    <u>        s/Sandra S. Beckwith        </u>
                    Sandra S. Beckwith, Chief Judge
                    United States District Court

                    <u>      November 9, 2005      </u>
                            Date

R E T U R N

I have executed this Judgment as follows:

_____

_____

_____

_____ Defendant

delivered on _____ to _____

_____ at _____, with a

certified copy of this judgment.

_____
United States Marshal

By_____
   Deputy Marshal